OPINION
Appellant Barbara Nelson appeals a judgment of the Stark County Common Pleas Court, Juvenile Division, awarding appellee Stark County Department of Job and Family Services permanent custody of her minor son, Barric Nelson:
ASSIGNMENTS OF ERROR
 I. THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILDREN CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 II. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILDREN WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
Appellant is the natural mother of Barric Nelson, born November 2, 1993. The alleged father of Barric is Roy Pryor; however, he had not established paternity as of the date of the permanent custody hearing. In December of 1998, Steven Nelson, appellant's older son, called the Canton City Police Department to report a domestic violence incident between he and his mother. The police took the children into custody pursuant to Juv. R. 6, based on concerns that appellant had returned home intoxicated and engaged in an altercation with Steven, and the condition of the home was deplorable. Police reported that the house was filthy, with garbage everywhere and feces filling the toilet, and there was no running water in the house. On December 4, 1998, appellee filed a complaint alleging that Barric was a neglected child. On March 3, 1999, the court adjudicated Barric to be neglected. Appellant's Case Plan required attendance at Quest, and follow through with treatment for drug and alcohol addiction. Her Case Plan also required attendance at the Goodwill Parenting Program, attendance at Renew to deal with domestic violence issues, and independent housing and employment. Although appellant made some effort to initiate involvement with the programs required by her Case Plan, she did not complete any of them. She was terminated from Goodwill for excessive absences, had been terminated from Renew after completing only the initial assessment, and never followed through with treatment recommended by Quest. During the pendency of the case, appellant continued to use drugs, and was incarcerated on two separate occasions. Appellant never obtained independent housing, and lived with several friends during the pendency of the case. She lived at the YWCA for a period of time. After a drug relapse, she checked herself into the Crisis Center for two weeks of treatment. However, she never followed through with recommended out-patient treatment after her release. Appellant did not maintain stable employment. In June of 1999, appellant was incarcerated for two months for theft. Appellee moved the court extend temporary custody of Barric in order to give appellant additional time to work on her Case Plan. The court granted an extension until June 4, 2000. Appellant was once again incarcerated in January of 2000, this time for possession of drug paraphernalia. In addition, on the date of the permanent custody hearing, appellant was in custody based on an outstanding bench warrant. On March 24, 2000, appellee filed for permanent custody of Barric. Following a hearing, the court found that Barric could not be placed with appellant within a reasonable time, and an award of permanent custody to appellee was in Barric's best interest.
 I
Appellant argues that the court's finding that the child could not be placed with her within a reasonable time was against the manifest weight of the evidence. Appellant argues that although she did not complete any services required by her Case Plan, she did initiate participation in these programs. Appellant argues that given six more months to work on the Case Plan, she could be reunited with Barric. The court's finding is not against the manifest weight of the evidence. Appellant had approximately 15 months to work on the Case Plan prior to the permanent custody hearing. She had been terminated from Goodwill Parenting for excessive absences. While she appeared at Renew for her initial assessment, she was later terminated from the program for failure to appear for education group sessions. She did not obtain stable housing, and she stayed with a variety of friends and at the YWCA during the pendency of the case. Appellant had not obtained stable employment, and had started a job with Zipco only one week before the hearing. Prior to that, her only employment was for a short time at Burger King. Visitation was irregular due to her incarceration, and on two occasions, appellant went two to three months with no contact with the child. Except during her incarceration, appellant failed to follow through with any alcohol treatment. She went to Quest for her evaluation and was referred for additional treatment, yet never followed through. Appellant was incarcerated twice during the pendency of the case: once for theft, and once for drug paraphernalia. While appellant now claims it would take only about six months to complete her Case Plan, she did not complete any of the objectives in her Case Plan during the time period leading up to the permanent custody hearing. The judgment is not against the manifest weight of the evidence. The first assignment of error is overruled.
 II
Appellant argues that the court's finding that Barric's best interests would be served by awarding appellee permanent custody was against the manifest weight of the evidence. Appellant argues that she has strong bond with Barric, and failed to visit only while she was incarcerated. While appellee acknowledged the bond between appellant and her son, the court's finding that permanent custody is in the child's best interest is not against the manifest weight of the evidence. On two occasions, appellant went for two to three months with no contact with Barric due to her incarceration. Appellant failed to overcome the drug and alcohol problems which in large part led to the removal of Barric from the home in the first place. Appellant made only a minimal effort to comply with her Case Plan requirements. The evidence demonstrated that Barric had been placed in the same foster home since December of 1998. While the foster parents were not able to adopt him, they would allow the placement to continue until an adoptive placement could be found. Initially, Barric had difficulty with speech, and was difficult to understand. However, his speech problem had improved while he was in foster care, and he was making progress in kindergarten. The court's finding is not against the manifest weight of the evidence. The second assignment of error is overruled. The judgment of the Stark County Common Pleas Court, Juvenile Division, is affirmed.
 ____________ Gwin, P.J.,
Wise, J., and Edwards, J., concur